HUFFER *v.* PORTER.

1. CANCELLATION OF INSTRUMENTS—DEEDS—BILL OF SALE—FAILURE OF CONSIDERATION—FINDINGS—EVIDENCE.

> In suit to cancel deed of 80-acre farm and bill of sale of certain livestock and farm tools which had been given defendants about two years after they had moved onto plaintiff widower's farm under an agreement relative to board, division of profits, and burial of plaintiff, finding of trial court that defendants neglected plaintiff and that their agreement to provide him a suitable home cannot now be carried out, *held,* not against the preponderance of the evidence.

2. SAME—EQUITY—IMPROVEMENTS.

> In suit to cancel deed to 80-acre farm worth $3,000 and subject to mortgage of $962.26 in which a life interest was reserved in plaintiff grantor, and bill of sale of livestock and farm tools, worth $435, which plaintiff, an elderly widower, had given to defendants after they lived on the farm for about two years under oral agreement to provide plaintiff with a home and decent burial, cancellation of deed and return of property to plaintiff and cash award of $209.70 to be paid defendants within one year is affirmed, where some improvements, claimed to have been made by defendants, were made after plaintiff had left the farm after dissatisfaction with defendants' performance.

Appeal from Presque Isle; Smith (Fred P.), J. Submitted March 31, 1941. (Docket No. 129, Calendar No. 41,425.) Decided May 21, 1941.

Bill by Lewis M. Huffer against Verdier Porter and wife for an accounting and cancellation of deed and bill of sale. Decree for plaintiff. Defendants appeal. Affirmed.

*Robert S. Baird* and *Ward I. Waller,* for plaintiff.

Restitution of property when transferee fails to perform, see Restatement, Restitution, § 108.

*Frederick P. Hempel,* for defendants.

Wiest, J. Plaintiff owned an 80-acre farm in Presque Isle county, of the value of about $3,000, subject to a mortgage upon which $962.26 was unpaid. He was a widower, somewhat advanced in years, and lived alone on the farm. In the spring of 1933, at his request, defendants moved to the farm under a verbal agreement that the expenses of operating the farm, the taxes, and payments upon the mortgage were to be taken out of the profits of the farm, and the balance was to be divided equally between them, and plaintiff should have his home with defendants on the farm.

Plaintiff had a few cows and some farm tools and defendants had even less livestock and tools. They combined their limited resources and, joining their efforts, got along fairly well in their small way for about two years. January 7, 1935, plaintiff, by bill of sale, conveyed his livestock and farm tools, worth $435, to defendant, Verdier Porter, and, April 27, 1935, by warranty deed, conveyed the farm to defendants, subject to the mortgage of $962.26, reserving, however, "full possession of said land as long as he lives," and also provided "said second party shall give the said first party a decent burial on his death."

Claiming that he never intended to give defendants a deed and executed the instrument believing it was a will, and alleging defendants' treatment of him was such as to cause him to leave the farm in the spring of 1937, he filed the bill herein to have the deed and bill of sale cancelled.

At the time of the hearing in November, 1939, plaintiff was 76 years of age. Proofs were taken in open court and the court found:

"Soon after the execution of this deed and bill of sale trouble began to arise between the parties. The

old gentleman, the plaintiff, who was then 76 years old, accused the defendants of not taking proper care of him; that they required him to do house work, and other work about the farm; that the woman left the house and the care of the children to him; that the defendant, Verdier Porter, threatened him with personal violence, saying that if he, the plaintiff, did not do certain things, he would find his other side crippled, he being crippled at the time on one side of his body.

"The plaintiff continued to live upon the premises until June, 1937, when he claims that by reason of threats made by the defendant, Verdier Porter, he moved to an adjoining farm; that while he was at this adjoining farm he did receive some cream checks for about a month or two, and it is my opinion that after a month or two the defendants neglected and refused to send him any cream check or provide for his support in any manner at the neighbor's home. Neither did they attempt to have him return to his own home.

"It is very evident from the testimony in the case that the plaintiff cannot live peaceably with the defendants upon the farm in question. The testimony also indicates that the defendants, since they have obtained title to the property by virtue of the deed heretofore mentioned, have been somewhat neglectful of the plaintiff, and have not provided the care and attention that they bestowed upon him previous to the execution of the deed and bill of sale. It conclusively appears that the provision for his support contained in the deed, and also being a part of the consideration of the bill of sale, cannot be carried out. The undertaking was clearly to provide the plaintiff with a suitable home, and provide him proper care and maintenance and a decent burial, at his death."

Thereupon the court entered a decree cancelling the deed and restoring the property to plaintiff, but awarded defendants the sum of $209.70, to be paid

within one year, and to constitute a lien to that amount upon the land, subject to the mortgage, however. The decree also cancelled the bill of sale.

Defendants review by appeal, claiming the decree is not supported by a preponderance of the evidence.

The evidence has been examined and found to sustain the findings. Without a view of the witnesses and opportunity to judge of their credibility, we cannot hold the findings against the preponderance of the evidence.

The callous indifference of defendants relative to their obligations under the agreement is well illustrated by the following testimony given by defendant Verdier Porter:

"I knew he was living at Forrest Porter's but I did not go to ask him to come back. I have not given him anything or contributed anything to him since he went away. He has been at Forrest Porter's practically all the time and I sometimes asked how he was. He has not received any income from the cows or from the farm since he left. My position was that he had a home there and he could come back any time. I couldn't see there was any use to try to get him back, and I never attempted to. I have farmed the property in the meantime since he left there, and I am living there at the present time, and since that time I have purchased other land near there, being 80 acres, but no buildings on it. Just vacant land with some of it cleared."

Some of the improvements claimed to have been made by defendants were made after plaintiff left the farm.

We find no occasion to modify or change the award made to defendants.

The decree is affirmed, with costs to plaintiff.

Sharpe, C. J., and Bushnell, Boyles, Chandler, North, McAllister, and Butzel, JJ., concurred.